Matter of Calcagno (2019 NY Slip Op 00871)





Matter of Calcagno


2019 NY Slip Op 00871


Decided on February 6, 2019


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-05132

[*1]In the Matter of Andrew J. Calcagno, an attorney and counselor-at-law, respondent. (Attorney Registration No. 2382760)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 30, 1991. By order to show cause dated June 13, 2018, the respondent was directed to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated February 6, 2018.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Andrew J. Calcagno, Cranford, New Jersey, respondent pro se.



PER CURIAM


OPINION & ORDER
.By order dated February 6, 2018, the Supreme Court of New Jersey reprimanded the respondent for his unethical conduct in three client matters (Docket Nos. DRB 16-413, DRB 16-417, and DRB 16-418) in violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.4(b) (failure to communicate with a client), 1.16(a)(3) (failure to withdraw from representation upon discharge by the client), and 8.1(b) (knowingly failing to reply to a lawful demand for information from a disciplinary authority).
I. New Jersey Proceedings 
As revealed in a decision of the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey decided June 22, 2017, the underlying facts are as follows:
The respondent was admitted to the New Jersey Bar in 1991. In addition, he was admitted in the District of Columbia, Pennsylvania, and New York. He maintained a law office in Cranford, New Jersey.
Three matters were filed by the District XII Ethics Committee (hereinafter DEC), on certifications of default, with the DRB. The three matters were consolidated for a disposition.
A. Broderick Matter (Docket No. DRB 16-413) and Amos Matter (Docket No. DRB 16-417) 
In May 2015, Matthew Thomas was injured in a motor vehicle accident and treated at University Hospital in Newark. On June 4, 2015, the respondent met with Thomas at the hospital where Thomas signed, inter alia, a retainer agreement. The respondent thereafter learned that Thomas met with another attorney, Brandon Broderick, and signed certain documentation. The respondent drafted a "stop work" letter to Broderick, which the respondent caused Thomas to sign.
On June 22, 2015, Angel Amos, Jr. (hereinafter Angel Jr.), was injured in a motor vehicle accident and treated at University Hospital in Newark. The next day, Angel Jr.'s parent, Angel Amos (hereinafter Amos), received an unsolicited advertising package from the respondent. The respondent followed up with a telephone call to the Amos home for the purpose of discussing with Amos the respondent's retention as counsel for Angel Jr.
On June 18, 2015, Broderick filed a grievance against the respondent. On June 30, 2015, Amos filed a grievance against the respondent.
In letters dated August 5, 2015, and August 26, 2015, sent to the respondent, the DEC investigator requested that the respondent submit a written reply to each grievance within 10 days. The respondent did not comply. The DEC investigator telephoned the respondent, who requested additional time to submit replies. Although granted extensions of time to reply, the respondent failed to reply in a timely manner. The respondent finally submitted a reply to the Broderick grievance on November 23, 2015, and to the Amos grievance on December 21, 2015.
Further, in the Broderick matter, on December 17, 2015, the DEC investigator directed the respondent to provide an explanation as to how he met Thomas and to produce any and all documentation in support of that explanation. The respondent ignored the letter.
On January 4, 2016, the DEC investigator forwarded to the respondent Broderick's response to the respondent's reply to the grievance and requested that the respondent provide any further information. The respondent did not reply to the investigator's letter until August 17, 2016.
Based on these facts, the DEC charged the respondent in both the Broderick matter and the Amos matter with a failure to cooperate with the investigation, in violation of RPC rule 8.1(b), and violations of NJ Court Rules rule 1:20-3(g)(3) (failure to submit a written reply to a grievance within 10 days) and rule 1:20-3(g)(3) (failure to inform the investigator why the information could not be provided and to provide a date certain by which it would be provided).
B. Jones Matter (Docket No. DRB 16-418) 
On January 23, 2015, Mary Jones and her daughter, Nichole, were injured in a motor vehicle accident and treated at University Hospital in Newark. Later that month, Jones met with the respondent at his office and agreed to retain him. After that meeting, Jones did not hear from the respondent, and her calls went unanswered. Thus, in November 2015, Jones terminated her retainer agreement with the respondent. Notwithstanding the termination, on January 21, 2016, the respondent filed a civil complaint on behalf of Jones and her daughter in the Superior Court of New Jersey, Law Division, Essex County. On January 27, 2016, Jones retained another attorney to represent her.
That same day, Jones's new attorney wrote to the respondent to advise him of the termination and the new attorney's representation of Jones. He also requested Jones's file. Although the respondent provided Jones's new attorney with the file, the file did not contain a copy of the complaint. As of October 2016, the respondent had not informed Jones or her new attorney of the filing and/or pendency of the complaint. As of October 4, 2016, the respondent remained the attorney of record in the Jones case, notwithstanding his termination.
On December 24, 2015, Jones filed a grievance against the respondent. On March 4, 2016, the DEC investigator requested that the respondent submit a written reply to the grievance within 10 days. The respondent failed to comply, even after a second letter requesting the same was sent on May 6, 2016. Although granted two extensions, the respondent failed to comply.
Based on these facts, the DEC charged the respondent with violating RPC rules 1.4(b), 1.16(a)(3), and 8.1(b), and NJ Court Rules rule 1:20-3(g)(3).
C. The Respondent's Default 
On October 5, 2016, the DEC sent a copy of each formal ethics complaint to the respondent at his office address, by regular and certified mail, return receipt requested. The receipts were returned confirming delivery on October 7, 2016, although the signature was illegible. The letters sent by regular mail were not returned.
In each matter, on November 16, 2016, the DEC sent a letter to the respondent at the same address, by regular and certified mail, return receipt requested. The letters directed the respondent to file an answer within five days and informed him that, if he failed to do so, the allegations in the complaint would be deemed admitted, the record would be certified directly to the DRB for the imposition of a sanction, and the complaint would be deemed amended to include a [*2]charge of a violation of RPC rule 8.1(b). The receipts were returned confirming delivery on November 21, 2016, although the signature was illegible. The letters sent by regular mail were not returned.
On November 26, 2016, the respondent faxed a letter to the DEC, requesting an extension to November 29, 2016. Although granted an extension, the respondent did not submit an answer to each of the complaints. As of December 2, 2016, the respondent had not filed an answer to any of the three complaints. Accordingly, on that date, the DEC certified these matters to the DRB as defaults.
D. The DRB's Findings 
In the decision decided June 22, 2017, the DRB made the following findings:
"Although respondent ultimately submitted written replies to the grievances filed against him in the Broderick and Amos matters, he violated R. 1:20-3(g)(3) because the replies were not submitted within ten days of his receipt of them. Moreover, he twice requested, and was granted, an extension of the initial ten-day deadline, yet he still defied the DEC.
"In Broderick , respondent did not submit his written reply to the grievance until November 23, 2015, nearly four months after it was originally due and one month after the second extension. Moreover, he did not reply to the DEC investigator's request for an explanation of certain information in his reply to the grievance until seven months later.
"In Amos , respondent did not submit his written reply to the grievance until December 21, 2015, four-and-a-half months after the original deadline and two months after the second extension. In Jones , respondent failed to submit a reply at all, despite two extensions of the ten-day deadline.
"Thus, the facts alleged in each complaint support a determination that respondent violated R. 1:20-3(g)(3) and RPC 8.1(b).
"Respondent also violated RPC 1.4(b) and RPC 1.16(a)(3) in the Jones matter. RPC 1.4(b) requires an attorney to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' Here, after Jones had retained respondent to represent her, he never updated her on the status of her case; he ignored her telephone calls, seeking information about the matter; and he failed to inform her and her new attorney that he had filed a complaint on her behalf.
"RPC 1.16(a)(3) requires a lawyer to withdraw from the representation of a client when the lawyer has been discharged. Respondent violated this RPC when, after Jones had terminated him, he filed a complaint on her behalf and failed to remove himself as counsel of record in the matter."
Regarding the measure of discipline, the DRB determined that a reprimand was appropriate. By order dated February 6, 2018, the Supreme Court of New Jersey reprimanded the respondent.
II. Order to Show Cause 
By order to show cause dated June 13, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated February 6, 2018, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before July 18, 2018. At the respondent's request, an extension was granted until July 27, 2018.
On July 27, 2018, the respondent submitted an affirmation in opposition, wherein he [*3]asked that this Court not impose reciprocal discipline based on various "mitigating and extraordinary circumstances surrounding [his] extended absences from [his] office, which was a major contributing factor for not timely responding to the Ethics Committee in New Jersey, which resulted [in] a reprimand against [him] by Default." The respondent recounted the following: During the first week of September 2016, the respondent's 85-year-old father suffered a stroke. The respondent's brother, who was living with the respondent's father and caring for him, became ill himself, requiring hospitalization. As a consequence, the respondent was required to take over the care of his father. Both the respondent's father and brother continued to experience major health problems. The respondent's brother, who was 55 years old, died of a heart attack on June 17, 2017. The respondent's father suffered another stroke on September 9, 2017. Subsequently, on January 3, 2018, the respondent's father was rushed to the hospital due to internal bleeding. The respondent's father was rushed yet again to the hospital on July 19, 2018, this time for a possible heart attack. He is now living with the respondent until a permanent caregiver is found. In addition, the respondent's office manager was forced to take medical leave on August 1, 2017, and only returned in February 2018.
According to the respondent, his request to submit a late answer to the DEC was denied.
III. Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey. In view of the respondent's failure to cooperate in a timely manner with the DEC's investigation and his subsequent default, both of which are not disputed, we conclude that the appropriate sanction is a public censure.
SCHEINKMAN, P.J., DILLON, BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Andrew J. Calcagno, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court